**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TURNKEY OFFSHORE PROJECT SERVICES, LLC**              **CIVIL ACTION**

**VERSUS**                                                                                       **NO.  20-858**

**MORRISON ENERGY GROUP, LLC AND**                       **SECTION: "B" (5)**
**CHET MORRISON CONTRACTORS**


## ORDER & REASONS

Defendants filed a motion to dismiss plaintiff's claims for damages and attorneys' fees under Louisiana open account statute pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 5. Plaintiff timely filed an opposition. Rec. Doc. 7. Defendants then sought and were granted leave to file a reply. Rec. Doc. 10.

For the reasons discussed below, it is ordered that the motion to dismiss the open account claims are GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 12, 2020, plaintiff Turnkey Offshore Project Services LLC ("Turnkey") filed suit against Morrison Energy Group LLC and Chet Morrison Contractors (collectively "Morrison") asserting admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), and within the meaning of the Federal Rules of Civil Procedure 9(h). Rec. Doc. 1. Turnkey alleges the  cause of action arises out of a breach of maritime contracts for the removal of offshore platforms in the Gulf of Mexico. Id.

In August 2018, Morrison and Turnkey entered into a Master Work Contract ("MWC") whereby Turnkey was to provide marine services to Morrison subject to work orders. Rec. Doc. 1-1. On or around March 27, 2019,  Morrison entered into a work order agreement with Turnkey for the removal of platforms at HI-A494 A, HIA494 B and HI-A494 C. Rec. Doc. 1-2. Under the contract, it was agreed between the

parties that Turnkey would cover all weather costs, except those costs associated with named tropical storms. Id. at 35.

According to Turnkey, during the removal of the platforms, Turnkey encountered unexpected delays associated with two named tropical storms, Imelda and Fernand. Rec. Doc. 1 at 3. Turnkey also alleges that it encountered difficulties with "placing cutting methods" on platform piles for which it incurred additional delays and costs associated with hiring a third-party dive service. Id. Turnkey alleges Morrison was invoiced for the completed work as contracted.

Turnkey alleges that on January 13, 2020, demand was made on Morrison for payment of all past due amounts. Id. at 5. According to Turnkey, to-date, despite the deadlines for payment having passed, and amicable demand having been made multiple times, Turnkey's invoices to Morrison , which total one million four hundred and ten thousand nine hundred and sixty one dollars and 50/100 ($1,410,961.50) remain entirely outstanding. Id.

## LAW AND ANALYSIS

a.  Standard for Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th

Cir. 2002). When deciding whether a plaintiff has met her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.,* 833 F.3d 512, 520 (5th Cir. 2016) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

b.  Louisiana Open Account Statute

Louisiana's "open account" statute. This statute provides in part:

When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim.

LA. REV. STAT. § 9:2781 (A).

Further:

"[O]pen account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.

LA. REV. STAT. § 9:2781 (D).

Plaintiff claims the arrangement, including the MWC and work orders, between it and the defendants qualifies as an open account under Louisiana law. Plaintiff argues that it "contracted to provide professional marine services to Morrison" and because payment on the invoices remain due, plaintiff asserts that a claim under La R.S. § 9:2781 is appropriate. Rec. Doc. 7 at 9.

Citing Louisiana courts, the United States Court of Appeals for the Fifth Circuit makes clear that "[a] contract is significantly different from an open account." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 173-74 (5th Cir. 2007); *see also Tyler v. Haynes*, 760 So. 2d 559, 563, 1999-1921 (La. App. 3 Cir. 5/3/00). "A claim for breach of contract and a claim under the open account statute are

considered distinct causes of action." *Cambridge Toxicology Group, Inc.*, 495 F.3d at 173-74. An open account is an account in which one party has opened a line of credit that is open to future modification because of mutual expectations of prospective business dealings. *See Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 173-74 (5th Cir. 2007). "A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms." *Tyler*, 760 So. 2d at 563. The Louisiana Supreme Court has warned that the open account statute should be strictly construed, "because the award of attorney fees is exceptional and penal in nature." *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, No. 83-2141, 449 So.2d 1014, 1015 (La. 4/2/84).

"In determining whether a contract falls under the open account statute, courts in Louisiana consider whether the "total cost or price [is] … left open or undetermined." *Factor King, LLC v. Block Builders, LLC*, 193 F. Supp. 3d 651, 658 (M.D. La. 2016) (*quoting Tri–Par. Elec. Supply, Inc. v. Cypress Bend Investments, LLC,* 105 So.3d 1036, 1039 (La. App. 3 Cir. 2012)). Louisiana courts also analyze certain factors when determining whether a course of dealings constitutes an open account: "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings." *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 Fed.Appx. 297, 301 (5th Cir. 2011). A hallmark of an open account is that "[t]he total cost, unlike a contract, is generally left open or undetermined, although the rate for specific services may be fixed, such as an hourly rate." *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 Fed.Appx. 297, 301 (5th Cir. 2011).

Plaintiff argues that the MWC between plaintiff and defendants "contemplated ongoing debit entries by" plaintiff "for various unfixed costs", which defendant "requested be documented and submitted daily via "tickets" for reimbursement." Rec. Doc. 7 at 9. Additionally, plaintiff asserts that "the Work Order also contemplated various other possible costs that might arise, including debits incurred for "extra work" performed by [Turnkey] that could likewise be submitted via "tickets."" Id.  Plaintiff contends that its

relationship with defendants fits within the definition of an open account because the relationship between plaintiff and defendants was ongoing, the contract called for the plaintiff to keep "a "running" account of debits and credits", and there was not a fixed total cost of the contract. Id. at 10.

However, upon review of the MWC and the work order, neither the MWC nor the work order qualify as an open account, because the MWC and work order leaves nothing open. While the MWC confirms that the plaintiff is "in the business of providing marine and related services" to the defendants, the MWC states defendants shall pay the plaintiff contractor for the "work and/or equipment or material furnished by the contractor at the rate stipulated in the work orders". Rec. Doc. 1-1 at 1 and 2¶6. Further review of the work order indicates that the payment for HI-A494A was $850,000 for abrasive with $150,000 credit for salvage. Rec. Doc. 1-2 at 2. Payment for HI-A494B was $395,000 for abrasive with $150,000 credit for salvage while payment for HI-A494C was $818,000 for abrasive with $20,000 credit for salvage. Id.  Although the MWC and work order provides for ongoing dealings between the parties, it also includes strict provisions for the parties' financial obligations. There was no open line of credit between the parties, subject to future adjustment. Rather, the parties, through the MWC, established specific terms for the provision of services by plaintiff and the subsequent compensation by the defendants. Therefore, the state law based open account claims are dismissed.

New Orleans, Louisiana this 17th day of February 2021

SENIOR UNITED STATES DISTRICT JUDGE